**UNITED STATES of America,**

v.

**Felipe GUTIERREZ.**

**No. 99–40026–NMG.**

United States District Court, D. Massachusetts.

July 26, 2000.

John A. Bosk, Jr., Fitchburg, MA, John T. Lu, Lowell, MA, for defendant.

Michael D. Ricciuti, United States Attys. Office, Boston, MA, for U.S.

### MEMORANDUM & ORDER

GORTON, District Judge.

Defendant Felipe Gutierrez ("Gutierrez") seeks revocation or amendment of an

order of detention pending trial issued by Magistrate Judge Charles B. Swartwood III. After review, Gutierrez's motion is denied.

## I. Background

On December 14, 1999, Gutierrez was charged in a superseding indictment with conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846, distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and attempting to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. The Magistrate Judge, after a hearing on the government's motion for detention, issued an order of detention on December 30, 1999, finding that Gutierrez presented both a danger to the community and a risk of flight. On March 20, 2000, the Magistrate Judge denied Gutierrez's motion to reconsider.

## II. Discussion

■ When a district court reviews the findings of a magistrate judge with respect to pretrial detention, it should engage in *de novo* review of the contested order. *United States v. Tortora*, 922 F.2d 880, 883 n. 4 (1st Cir.1990).

Under 18 U.S.C. § 3142(e), a judicial officer may detain a person pending trial:

> If, after a hearing pursuant to [§ 3142(f) ], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community....

■ Where, as here, there is probable cause to believe that the defendant committed a charged offense which is punishable under the Controlled Substances Act by a penalty of 10 years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).

### 1. Risk of Flight

Gutierrez argues that he does not present a risk of flight because he suffers from life-threatening asthma and a debilitating hip problem which make it very difficult for him to travel. Gutierrez suggests that he could work part-time, however, indicating that his ailments are not so debilitating that they would prevent him from fleeing.

Defendant submits that he has lived in Massachusetts since 1989 and has strong ties to his community. In support of that claim he notes that his girlfriend, who lives in Massachusetts, is expecting their first child. In addition, his girlfriend and her sister have offered to encumber their real estate to secure Gutierrez's bond as a condition of release.

Gutierrez also has ties, however, to Puerto Rico, where his estranged wife and two other children live, and he faces a substantial period of incarceration if he is found guilty of the charged offenses. Thus, the conclusion of the Magistrate Judge that there are no conditions or combination of conditions that will reasonably assure Gutierrez's appearance at trial if he should be released was warranted and not erroneous.

### 2. Danger to the Community

Gutierrez argues that he is not a danger to the community because in the spectrum of narcotics cases, the offenses with which he is charged are not properly considered "serious". He emphasizes that the alleged conspiracy involves only two individuals and the amount of heroin involved in all indictments was approximately 5 grams. Gutierrez highlights that there is no indication of the use of force, violence or weapons commonly associated with serious narcotics distribution cases.

As the Magistrate Judge emphasized, however, law enforcement officers discovered 50 bags of heroin, a pound of marijuana and $13,000 in cash in Gutierrez's apartment during a warrant search at the

time of his arrest, corroborating the government's claim that Gutierrez was a source of supply for heroin sales in Fitchburg, Massachusetts. Additionally, as the government asserts, heroin is sold in very small quantities and at least one of the alleged sales in this case was made at a housing project, an area considered to be infested with drug dealing.

Accordingly, the finding of the Magistrate Judge that there are no conditions or combination of conditions that will assure the safety of the community if Gutierrez were released was not erroneous. Gutierrez's motion to revoke or amend the order of detention pending trial will, therefore, be denied.

## ORDER

For the foregoing reasons, defendant's motion to revoke or amend the Magistrate Judge's detention order and request for a hearing (Docket No. 31) is hereby DENIED.

**So ordered.**